IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-347-RJC-DCK

| | |
|---|---|
| MARKAYLE GRAY, | )<br>) |
| Plaintiff, | )<br>) CONSENT PROTECTIVE |
| | ) ORDER |
| v. | )<br>) |
| CHARLOTTE SECONDARY SCHOOL INC., and BOARD OF DIRECTORS OF CHARLOTTE SECONDARY SCHOOL INC., | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on the Parties' "Consent Motion For Entry Of Protective Order" (Document No. 31) filed November 15, 2024. Having carefully considered the motion and the record, the undersigned will grant the motion and enter the parties' proposed Protective Order as follows.

The Parties, by consent and through counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Civil Rule 26.2, anticipate the potential disclosure of personnel and employment records and information, and student records and information, and recognize that the private and confidential nature of such documents and information must be safeguarded pursuant to N.C. Gen. Stat. §§ 115C-319, 115C-321, 115C-402 and 20 U.S.C. § 1232(g) and that good cause exists for restricting dissemination of such documents. The Parties conditionally consent to disclose said documents and information upon the conditions set forth in this Protective Order.

**IT IS, THEREFORE, ORDERED**:

1. That all documents and information relating to current or former students enrolled in the Charlotte Secondary School, Inc., which are provided by the Board of Directors of Charlotte Secondary School, Inc. (the "Board") or its agents, attorneys, or current or former employees (including the individual Defendants in this action) to any party as part of discovery in the above-captioned case shall be covered by the terms of this Protective Order. Such documents shall be deemed confidential without any further action by any party unless the parties or attorneys mutually agree that any particular document or item of information is expressly designated as non-confidential. The Board shall comply with the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232(g), and its implementing regulations, which require the entry of a court order or lawful subpoena, and reasonable efforts to provide notice to parent(s) or eligible student(s) so that the parent or eligible student may seek protective action, prior to such production.

2. That all records and information that are maintained by law or policy in the personnel, employment, or volunteer files of current or former employees or volunteers of the Board, which are provided to any party in the above-captioned case, shall be covered by the terms of this Protective Order. Such documents and information shall be deemed confidential without any further action by any party unless the parties or attorneys mutually agree that any particular document or item of information is expressly designated as non- confidential. Confidential documents shall not include documents obtained by the parties under the North Carolina Public Records Act, N.C. Gen. Stat. Chapter 132.

3. That all documents and information relating to Plaintiff's medical and/or financial records, which are provided to any party in the above-captioned case, shall be covered by the terms of this Protective Order. Such documents shall be deemed confidential without any further action

by any party unless the parties or attorneys mutually agree that any particular document or item of information is expressly designated as non-confidential.

4. That any party that provides documents subject to this Protective Order shall label said documents: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Each party retains the right to challenge the confidentiality designation of any particular document and to have the Court determine its proper designation. Any challenge to the designating party's confidentiality designation shall be made as promptly as the circumstances permit, but no later than thirty (30) days after the receipt of the designated documents by the receiving party.

    a. A party wishing to challenge a confidentiality designation shall begin the process by conferring directly with counsel for the designating party. The challenging party must explain why it believes the confidentiality designation is improper. The designating party shall have five (5) business days in which to review the designated material and either re-designate the material or explain the basis for the chosen designation. A challenging party may not proceed to the next stage of the challenge process unless it has met and conferred, or attempted to meet and confer, with the designating party.

    b. If the parties are unable to informally resolve a challenge to a particular designation, the challenging party may file and serve an appropriate motion to the Court that identifies the challenged designated documents and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating

party in the meet and confer dialogue. The designating party shall have the right to file and serve an appropriate response to the Court. Until the Court rules on the challenge, the material in question shall continue to be treated as confidential under the terms of this Order.

5. Except as may be otherwise provided by further order of the Court, protected information and documents designated as confidential ("Confidential Documents"), as set forth herein, as well as the matters contained therein and extracts and summaries thereof, shall be used for no other purpose than prosecuting or defending this action and shall be disclosed only to the persons identified in Paragraph 6.

6. Except as provided in Paragraph 7, access to or use of protected information or any Confidential Documents, or any part thereof, as well as matters contained therein, shall be limited to:

    a. The Court;

    b. The Parties;

    c. The attorneys of record for the Parties, their associates, assistants, employees, and agents who are providing assistance to counsel in this action;

    d. Court-appointed mediators or any mediator agreed to by all parties;

    e. Consultants and experts involved in the preparation of the trial of this action;

    f. Court reporters and their transcribers, assistants, and employees;

    g. Any deponent or trial witness, to the extent that it is necessary to tender to such witness a confidential document in order to elicit testimony relevant to the matters at issue in this case;

h. Members of the jury, to the extent that it is necessary for the jury to inspect a confidential document;

i. Law enforcement or postal employees, to the extent necessary to serve a subpoena; and

j. Any law enforcement agency in response to a lawful subpoena or court order. Any party, upon service of a subpoena seeking disclosure of any information or documents subject to this Protective Order, shall promptly notify all other parties.

7. No one subject to this Protective Order shall make public or disclose protected information or Confidential Documents to anyone other than the persons listed in Paragraph 6, provided that nothing herein shall preclude a witness, attorney, or the Court from reading aloud or discussing the contents of a confidential document in open court or at depositions. The terms of this Protective Order shall apply to all persons listed in Paragraph 6, and counsel who grant any such person access to protected information or Confidential Documents shall have an affirmative duty to furnish the person with a copy of this Protective Order. Individuals permitted access to protected information or Confidential Documents are hereby ordered not to convey or otherwise reveal said information or documents — whether originals or copies, in whole or in part — to anyone who would not otherwise have access to them under this Protective Order.

8. If any Confidential Documents are used in connection with a deposition or other discovery or documents filed with the Court, or are quoted or referenced in any memorandum, pleading, or other paper filed with the Court, the deposition transcript, filing, or paper shall be submitted to the Court in accordance with Local Civil Rules 6.1 and 7.1.

9. It is specifically agreed that making Confidential Documents available for inspection, and the production of confidential information, materials, or documents, shall not

5

Case 3:23-cv-00347-RJC-DCK    Document 32    Filed 11/18/24    Page 5 of 7

constitute a waiver by the parties of any claim of confidentiality, and the production of such information, materials, or documents shall not be considered as an acknowledgment that the information, materials, or documents may be admissible into evidence at the trial of this action, nor constitute a waiver of any objection that a party may have to the admissibility of information, documents, or materials.

10. Nothing in this Protective Order shall require disclosure of material which the conveying party contends is protected from disclosure by the attorney-client privilege, materials produced in anticipation of litigation, or as constituting attorney work product materials. Similarly, no party shall be deemed to have waived any objections to the relevancy, discoverability, or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action.

11. The inadvertent, unintentional, or in camera disclosure of Confidential Documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

12. Within sixty (60) days after entry of final judgment or dismissal in this litigation (including appeals or petitions for review), the parties' counsel, their staff, and all experts and/or consultants for the parties shall return all Confidential Documents produced pursuant to this Protective Order (including all copies of the same) to the party producing said information or shall destroy the same with a written confirmation by the party's counsel of record that all such information and copies of the same have, in fact, been returned or destroyed; provided, counsel shall be permitted to retain any copies of confidential material or information, including that counsel's litigation work product or evidence of privileged communications for their case files. These copies shall continue to be maintained subject to the terms of this Protective Order.

13. Each person who receives Confidential Documents submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

14. Any party may at any time seek modification of this Protective Order by agreement, or failing agreement, by motion to the Court.

**SO ORDERED**.

Signed: November 18, 2024

David C. Keesler
United States Magistrate Judge

**CONSENTED TO**:

| | |
|---|---|
| HKM EMPLOYMENT ATTORNEYS | HARTZOG LAW GROUP LLP |
| By: */s/ Sunny Panyanouvong-Rubeck* | By : */s/ Katie Weaver Hartzog* |
| Sunny Panyanouvong-Rubeck | Katie Weaver Hartzog |
| Artur Davis | N.C. State Bar No. 32989 |
| 3623 Latrobe Drive, Unit 122 | khartzog@hartzoglawgroup.com |
| Charlotte, NC 28211 | 2626 Glenwood Avenue, Suite 305 |
| spanyanouvong-rubeck@hkm.com | Raleigh, North Carolina 27608 |
| adavis@hkm.com | Telephone: (919) 670-0338 |
| *Attorneys for Plaintiff* | Facsimile: (919) 714-4635 |
| | *Attorneys for Defendant* |